## FALKENBERG v. BASH.

### (City Court of New York, General Term. January 3, 1901.)

COSTS—PLEA OF TENDER—FAILURE TO PAY MONEY INTO COURT—EFFECT.

    Where defendant's answer to a complaint for goods sold admitted a part of the claim, and stated that such sum was brought into court for acceptance by plaintiff, but such sum was not so brought into court till the end of the trial, and the jury found for the plaintiff in the amount admitted by the answer, plaintiff was entitled to full costs, since defendant's failure to pay into court the amount of his tender at the time of his plea rendered the plea of no avail.

Appeal from trial term.

Action by Charles Falkenberg against David Bash. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and HASCALL, J.

William J. O'Sullivan, for appellant.

Abrm. Joseph, for respondent.

FITZSIMONS, C. J. This action was for goods sold and delivered, valued at $214.50. The answer admitted the sale and delivery of goods to the amount of $176.50. The answer further alleged "that the defendant is ready and willing to pay plaintiff said sum, but

that he refused to accept the same, and now defendant brings said sum of $176.50 into court, ready to be paid to plaintiff if he will accept the same." The answer was served May 24, 1900; trial had June 22, 1900. It appears that said sum of $176.50 was not paid into court until at the end of the trial, when it was then offered to the trial justice. The jury rendered a verdict for plaintiff for said sum of $176.50, for which amount judgment was entered in plaintiff's favor, together with $103.26 costs as taxed; making in all the sum of $279.76. The defendant appeals from this judgment, and now contends that it should be modified by striking therefrom the sum of $103.26 costs taxed therein in plaintiff's favor, and that a provision should be added thereto awarding costs to defendant, to be taxed, upon the theory that, having tendered the sum of $176.50 before action, and further again making such tender in his answer, by reason of the fact that the jury only awarded judgment for that sum, he is entitled to the usual taxation costs, and not the plaintiff. Conceding that defendant's tender, made before trial, was a sufficient one, to be available in this instance to plaintiff it should not only have been pleaded, but he should have, before or with his plea, paid said sum into court, so that it might be subject to plaintiff's order, and thus stop interest and prevent costs. His failure to do so until during the trial rendered his plea of tender useless to him, and therefore the judgment entered in plaintiff's favor was correct. Becker v. Boon, 61 N. Y. 317; Wilson v. Doran, 110 N. Y. 106, 17 N. E. 688; Halpin v. Insurance Co., 118 N. Y. 178, 23 N. E. 482.

Judgment affirmed, with costs and disbursements to respondent.

HASCALL, J., concurs.